UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA LEWIS,<br><br>    Petitioner,<br><br>v.<br><br>ANGELA FOSTER STOREY,<br><br>    Respondent. | No. 2:19-mc-00023-TLN-KJN<br><br><br>FINDINGS AND RECOMMENDATIONS |

This is a miscellaneous action in which petitioner Yolanda Lewis, proceeding without counsel, filed a petition against respondent Angela Foster Storey, to "perpetuate absolute testimony." (ECF No. 1 at 1.) As discussed below, the court lacks subject matter jurisdiction over the petition.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and federal statute. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A district court has a duty to establish subject matter jurisdiction independent of whether the parties raise the issue or not. See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966–67 (9th Cir. 2004). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

////

1

1 "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, the one-page petition includes numerous attachments alleging that respondent violated the Fair Debt Collection Practices Act; trespassed on petitioner's property; fraudulently used the United States Postal Service; and engaged in racketeering, international terrorism, identity theft, bribery, conspiracy, and attempted murder, ostensibly due to respondent's involvement in a separate state court unlawful detainer action filed against petitioner. (See generally ECF No. 1 at 1, 4-8, 17-22, 66-75.) Respondent is an attorney and represents Thomas McDowell, one of the parties in the state action. (Id. at 4.) Petitioner appears to reside at 4638 Batten Way, San Jose, California 95135, the property at issue in the unlawful detainer action. (Id.) The documents suggest that on or about April 17, 2017, Mr. McDowell purchased the property at a foreclosure sale; recorded the deed with the Office of the County Clerk-Recorder in the County of Santa Clara; and filed an unlawful detainer action in state court, after several attempts to evict petitioner from the property. (Id. at 4-5, 10-12.)

Liberally construed, the petition was plainly filed to express petitioner's dissatisfaction with the state unlawful detainer action, which cannot be removed or heard in this court. See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense.") The court also finds that the allegations of the petition are implausible, unsubstantial, frivolous, and devoid of merit. Therefore, the court *sua sponte*

concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine. Although the court ordinarily liberally grants a *pro se* litigant leave to amend her complaint to correct pleading deficiencies, the nature of the allegations here suggests that leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED for lack of subject matter jurisdiction.
2. The Clerk of Court be ordered to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: February 21, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3